# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA GRAFF, *et al.*,

    Plaintiffs,

        v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

NO. 3:16-CV-02381

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is Defendant's Notice of Removal, which insufficiently states the diversity of the parties in the instant suit. (Doc. 1.) Because the Notice of Removal fails to adequately plead the existence of subject matter jurisdiction, the case will be remanded to the Court of Common Pleas of Lackawanna County.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). 28 U.S.C.A. § 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "It is . . . well established that when jurisdiction depends upon diverse citizenship, the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). *See also Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the

state where he or she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). Domicile is established by one's physical presence in a state, or residence, and intent to remain there indefinitely. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir.2011). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *Williamson v. Osenton*, 232 U.S. 619 (1914).

Plaintiffs filed a Complaint against Defendant for violations of state law. Defendant then filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, stating that this Court has original jurisdiction over the matter under 28 U.S.C. § 1332, the diversity jurisdiction statute. The Complaint states that Plaintiffs "reside" in Pennsylvania. (Doc. 1-2, at 3). The Notice of Removal uses this language as well. (Doc. 1, at 1). Neither the Complaint nor the Notice of Removal, however, state where Plaintiffs are *citizens*. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

Therefore, because the Court's subject matter jurisdiction has not been demonstrated by either the Complaint or the Notice of Removal, the instant suit will be remanded. An appropriate order follows.

December 2, 2016         /s/ A. Richard Caputo
Date                 A. Richard Caputo
                    United States District Judge